1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RUSSELL BEST,

       Plaintiff,

       v.

BNSF RAILWAY COMPANY, a
Delaware corporation,

       Defendant.

NO.  CV-06-172-RHW

**ORDER DENYING THE
PARTIES' STIPULATED
MOTION FOR PROTECTIVE
ORDER**

14
15
16
17
18
19
20
21
22

       Before the Court is the parties' Stipulated Motion for Protective Order (Ct. Rec. 36).  The parties ask the Court to enter their proposed Stipulated Protective Order, which would allow the parties to designate as "confidential" materials containing business trade secrets and confidential proprietary information.  Once a document receives such a designation, it is subject to the special rules set forth in the protective order that cover the dissemination and use of the specified document or information.  The proposed protective order also states that if the designated material is to be included in any papers filed with the Court, it must be filed under seal until further order from the Court.

23
24
25
26
27
28

       Generally, the manner in which the parties agree to manage the dissemination and use of the information between themselves during the discovery process does not cause the Court concern.  The parties' proposed protective order, however, does more than manage the dissemination and use of certain materials during the discovery process.  This proposed order attempts to restrict the access of the public to documents that would be part of court proceedings and, as such,

**ORDER DENYING THE PARTIES' STIPULATED MOTION FOR
PROTECTIVE ORDER ~ 1**

1 requires the Court to inquire further into whether the proposed protective order

2 impedes the public's common law right to access court proceedings and the First

3 Amendment's protection of the same.

4       Generally, the public should be allowed access to litigation documents and

5 information produced during discovery unless the party opposing disclosure shows

6 "good cause" why a protective order is necessary. *Phillips v. General Motors*

7 *Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *see also San Jose Mercury News, Inc.*

8 *v. United States Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is

9 well-established that the fruits of pre-trial discovery are, in the absence of a court

10 order to the contrary, presumptively public. Rule 26(c) authorizes a district court

11 to override this presumption where 'good cause' is shown."); *In re Agent Orange*

12 *Product Liability Litig.*, 821 F.2d 139, 145 (2d Cir.1987) ("[I]f good cause is not

13 shown, the discovery materials in question should not receive judicial protection

14 and therefore would be open to the public.").

15       On the other hand, Fed. R. Civ. P. 26(c) gives district courts broad latitude to

16 grant protective orders to prevent disclosure of many types of information.

17 *Phillips*, 307 F.3d at 1211 (noting that rule 26(c) authorizes district courts to issue

18 "*any* order which justice requires to protect a party or person from annoyance,

19 embarrassment, oppression, or undue burden." (Emphasis in original.) Fed. R. Civ.

20 P. 26(c) requires, however, that the party asserting good cause bear the burden, for

21 each particular document it seeks to protect, of showing that specific prejudice or

22 harm will result if no protective order is granted. *Foltz v. State Farm Mut. Auto.*

23 *Insur. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

24       Even if the Court were to find that "good cause" exists, it still must consider

25 the public's common law right of access. The public has a federal common law

26 right of access to all information filed with the Court, which in turn "'creates a

27 strong presumption in favor of access' to judicial documents which 'can be

28 overcome' only by showing 'sufficiently important countervailing interests.'"

**ORDER DENYING THE PARTIES' STIPULATED MOTION FOR
PROTECTIVE ORDER** ~ 2

1  *Phillips*, 307 F.3d at 1212, *quoting San Jose Mercury News, Inc. v. United States*
2  *Dist. Court*, 187 F.3d 1096, 1102 (9th Cir. 1999).  In deciding whether sufficient
3  countervailing interests exist, courts are directed to look to the "'public interest in
4  understanding the judicial process and whether disclosure of the material could
5  result in improper use of the material for scandalous or libelous purposes or
6  infringement upon trade secrets.'" *Id.* at 1213, *quoting Hagestad v. Tragesser*, 49
7  F.3d 1430, 1434 (9th Cir. 1999).  Under Ninth Circuit precedent, the federal
8  common law right of access does not apply to documents filed under seal, unless
9  the document is attached to a dispositive motion.  *Id.*[1] ; *Foltz*, 331 F.3d at 1136
10 (holding that the presumption of access is not rebutted where documents subject to
11 a protective order are filed under seal as attachments to a dispositive motion).  In
12 this case, the Court is hesitant to enter a blanket protective order that requires
13 documents to be filed under seal, which would then trump the common law right to
14 access, without a specific showing of good cause.

15        In addition, when deciding whether to enter a blanket protective order, the
16 Court also must consider the public's First Amendment rights.  Under the First
17 Amendment, the public has a presumed right of access to court proceedings and
18 documents.  *Oregonian Publ'g Co. v. United States Dist. Court for Dist. of*
19 *Oregon*, 920 F.2d 1462, 1465 (9th Cir. 1990).  This presumed right can be
20 overcome only by an overriding right or interest "based on findings that closure is
21 essential to preserve higher values and is narrowly tailored to serve that interest."
22 *Id.*, *quoting Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985).

23

24        [1]In *Phillips*, the Circuit recognized that in the case of nondispositive filings
25 in which a document is filed under seal, the court has presumably already decided
26 that the document deserved protection.  Applying a strong presumption of access to
27 the document would "undermine, and possibly eviscerate, the broad power of the
28 district court to fashion protective orders."  *Phillips*, 307 F.3d at 1213.

**ORDER DENYING THE PARTIES' STIPULATED MOTION FOR**
**PROTECTIVE ORDER ~ 3**

1  "The interest is to be articulated along with findings specific enough that a
2  reviewing court can determine whether the closure order was properly entered."
3  *Id.*

4        Given both the public's common law right to access and the public's First
5  Amendment right of access to court proceedings and documents, the Court declines
6  to exercise its discretion to enter a protective order in this case which would
7  require documents to be filed under seal without a proper showing of good cause.
8  *See Foltz*, 331 F.3d at 1131 (commenting on the fact that blanket protective orders
9  make appellate review difficult).

10       Accordingly, **IT IS HEREBY ORDERED**:

11       1.   The parties' Stipulated Motion for Protective Order (Ct. Rec. 36) is
12  **DENIED**.

13        **IT IS SO ORDERED.**  The District Court Executive is directed to enter
14  this Order and to provide copies to counsel.

15       **DATED** this 9th day of July, 2007.

16

17                              *S/ Robert H. Whaley*

18                              ROBERT H. WHALEY
                              Chief United States District Court
19

20  Q:\CIVIL\2006\Best\pro.ord.wpd

21

22

23

24

25

26

27

28

**ORDER DENYING THE PARTIES' STIPULATED MOTION FOR
PROTECTIVE ORDER** ~ 4