UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL BEST, | |
| Plaintiff, | NO. CV-06-172-RHW |
| v. | **ORDER DENYING** |
| BNSF RAILWAY COMPANY, a Delaware corporation, | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | |

Before the Court is Defendant's Motion for Summary Judgment (Ct. Rec. 201). The motion was heard without oral argument.

## BACKGROUND

Plaintiff was a long-term employee of Defendant BNSF Railway Company. He filed the above-captioned action in June 2006, asserting claims under the Federal Employer's Liability Act. He is seeking compensation for hearing loss sustained while being employed by Defendant.

Defendant moves for summary judgment asserting that Plaintiff's claims are barred as a matter of law due to Plaintiff's failure to timely file his claims and by the doctrine of laches, and Plaintiff's claim for negligent assignment of work tasks is precluded by the seniority provisions in the collective bargaining agreement between Defendant BNSF and Plaintiff's union. Defendant also asks the Court to make a determination that, as a matter of law, Plaintiff has a pre-existing hearing loss condition and that Plaintiff's damages, if any, should be reduced or

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

apportioned based upon damages caused by the pre-existing hearing loss.

DISCUSSION

**A. Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. Univ. of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. When the evidence yields conflicting inferences, summary judgment is improper, and the action must proceed to trial. *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1087(9th Cir. 2000).

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

**B.    Defendant's Arguments**

Plaintiff filed his complaint on September 9, 2006.  Plaintiff is bringing his claims under the Federal Employers' Liability Act (FELA.).[1]  FELA provides for a 3-year statute of limitations.[2]  *See* 45 U.S.C. § 56.

Defendant argues that Plaintiff's claims are barred due to his failure to commence this action within the applicable statute of limitations period.  Plaintiff asserts that he was unaware that he had an injury until 2004 when his physician advised him that his hearing loss was not normal for someone his age.  Before then, he was ignorant of a work-related hearing loss claim.

In 1949, the Supreme Court held that FELA covered occupational diseases. *Urie v. Thompson*, 337 U.S. 163, 182 (1949).  In that case, the plaintiff had worked for the railroad for almost thirty years and had been exposed to silica dust.  *Id.* at 165-66.  He suffered from silicosis, a pulmonary disease that left him disabled and unable to work.  *Id.*  The question before the Court was whether FELA included injuries in the nature of occupational disease and also addressed the implications of FELA's statute of limitations.  There, the Supreme Court observed:

> It follows that no specific date of contact with the substance can be charged with being the date of injury, inasmuch as the injurious consequences of the exposure are the product of a period of time rather than a point of time; consequently the afflicted employee can be held to be 'injured' only when the accumulated effects of the deleterious substance manifest themselves.

*Id.* at 171.

---

[1]Every common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment. 45 U.S.C. § 51.

[2]No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.  45 U.S.C. § 56.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

1    In *United States v. Kubrick*, the Supreme Court addressed the statute of

2    limitations of a Federal Tort Claims Act claim. 444 U.S. 111, 120 (1979). In that

3    case, the Court held that a claim accrues when a plaintiff should reasonably have

4    been aware of the critical facts of injury and causation. *Id.* at 122. Notably,

5    however, the Court stated that once a plaintiff is in possession of the critical facts

6    of both injury and the governing cause of that injury, the action accrues even

7    though he may be unaware that a legal wrong has occurred. *Id.* at 122-23.

8    The Court finds that questions of fact exist regarding when Plaintiff knew or

9    should have known the extent and cause of his hearing loss. As such, the answer

10   must be determined by the jury. *See O'Connor v. Boeing North Am.*, 311 F.3d

11   1139, 1150 (9th Cir. 2002) (finding summary judgment not appropriate for statute

12   of limitations defense for CERLA claims where questions of fact existed regarding

13   whether plaintiffs knew or should have known that contamination caused their

14   disease). Similarly, these questions of fact preclude the Court from ruling on the

15   doctrine of laches defense and whether Plaintiff has a pre-existing condition.

16   Finally, the Court declines to grant summary judgment on Plaintiff's

17   negligent work assignment claim. Defendant attempts to narrowly define

18   Plaintiff's FELA claim. However, courts have consistently recognized the broad

19   reach of FELA. "[A]lthough railroad companies do not insure against accidents

20   and the plaintiff in FELA cases still bears the burden of proving negligence, courts

21   have held that only 'slight' or 'minimal' evidence is needed to raise a jury question

22   of negligence under FELA." *Mendoza v. Southern Pac. Transp. Co.*, 733 F.2d

23   631, 632 (9th Cir. 1984) (internal citations omitted). Liability may be found where

24   "employer negligence played any part, even the slightest, in producing the

25   injury . . ." *Oglesby v. Southern Pac. Transp. Co.*, 6 F.3d 603, 607 (9th Cir. 1993)

26   (*quoting Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 506 (1957)). Plaintiff's

27   claims under FELA are broader than an ADA-accommodation type claim as

28   presented by Defendant in their motion.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

Accordingly, **IT IS HEREBY ORDERED**:

1.     Defendant's Motion for Summary Judgment (Ct. Rec. 201) is **DENIED**.

2.     Defendant's Motion for Permission to File Over-Length Brief (Ct. Rec. 204) is **GRANTED**.

3.     The parties' Stipulation to Extend Deadline to Respond to Defendant's Motion for Summary Judgment (Ct. Rec. 207) is **GRANTED**.

4.     The parties' Second Stipulation to Extend Deadline to Respond to Defendant's Motion for Summary Judgment (Ct. Rec. 216) is **GRANTED**.

5.     Plaintiff's Motion for Permission to File Over-Length Brief (Ct. Rec. 218) is **GRANTED**.

6.     The parties' Stipulation to Extend Deadline to Reply to Plaintiff's Response (Ct. Rec. 223) is **GRANTED**.

7.     Defendant's Motion for Permission to File Over-Length Brief (Ct. Rec. 232) is **GRANTED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 15th day of April, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Court

Q:\CIVIL\2006\Best\deny.sj.wpd

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**