UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL BEST,<br><br>       Plaintiff,<br><br>       v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>       Defendant. | NO.  CV-06-172-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER PURSUANT TO F.R.C.P. 26(e)** |

Before the Court is Defendant's Motion for Entry of Protective Order Pursuant to F.R.C.P. 26(e) (Ct. Rec. 272).  The motion was heard without oral argument.

Defendant seeks a protective order stating that it is not required to respond to Plaintiff's Renewed Third Request for Admissions.  Defendant asserts a number of arguments in support of his motion; however, only one needs to be addressed by the Court.

Defendant asserts that Plaintiff's Renewed Third Request for Admissions exceeds the number of Request for Admissions permitted by Local Rule 36.1, which states:

REQUESTS FOR ADMISSION

(a)   Requests for admission shall not be filed.

(b)   Requests for admission shall not be combined in the same document with any other form of discovery.  The number of requests for admission which may be directed to any one party by any adverse party shall be fifteen, including subparts.  The genuineness of multiple

**ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER PURSUANT TO F.R.C.P. 26(e) ~ 1**

documents may be included in one request. The limitation of this rule may be modified by the Court for good cause shown.
LR 36.1

This rule was implemented, in part, because there is a general recognition that fifteen requests for admissions is generally sufficient, and that submitting more than that number can indicate an abuse of the Rules of Civil Procedure.

In their response, Plaintiff recounted that his first set of Requests for Admission included 23 requests for admissions, and his second Requests for Admissions included 2 requests (Ct. Rec. 282). Notwithstanding this concession, Plaintiff asserts that his Requests for Admission are timely, proper and compliant with the Rules of Civil Procedure.

Local Rule 36.1 clearly sets forth a limit as to the Requests for Admissions that can be submitted to the opposing party and Plaintiff has exceed ed this limit. Plaintiff has not argued or demonstrated that good cause exists to waive or increase this limit. As such, Defendant is not required to respond to Plaintiff's Renewed Third Request for Admissions.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Entry of Protective Order Pursuant to F.R.C.P. 26(e) (Ct. Rec. 272) is **GRANTED**.

2. Defendant is not required to respond to Plaintiff's Renewed Third Request for Admissions.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 4th day of September, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Court

Q:\CIVIL\2006\Best\grant.prot.ord.wpd

**ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER PURSUANT TO F.R.C.P. 26(e) ~ 2**